UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

BRITNEE CLEMENTSON,

    Plaintiff,

v.

SUPER PETROLEUM 11, LLC, a Florida limited
liability company d/b/a MARATHON GASOLINE,
SUPER PETROLEUM 12 LLC, a Florida limited
liability company d/b/a MARATHON GASOLINE,
and MOHAMMAD AZAM, an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

Plaintiff, BRITNEE CLEMENTSON, ("CLEMENTSON"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, SUPER PETROLEUM 11 LLC, a Florida limited liability company d/b/a MARATHON GASOLINE (hereinafter "MARATHON 11"), SUPER PETROLEUM 12 LLC, a Florida limited liability company d/b/a MARATHON GASOLINE (hereinafter "MARATHON 12"), and MOHAMMAD AZAM (hereinafter, "AZAM") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendants, MARATHON 11 and MARATHON 12 were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants, MARATHON 11, MARATHON 12, and AZAM regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. Defendants operated gas station and convenience stores. Plaintiff's work as a cashier, assistant manager and store manager, representative involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, as part of her daily job duties, the Plaintiff, as well as at least two other employees, gasoline products, food and drink, that were manufactured outside the State of Florida.

3. During the relevant time period, Defendants employed two or more persons, besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). This included gasoline products, food and drink, that were manufactured outside the State of Florida.

4. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

   b. Defendants are and continue to be corporations and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, CLEMENTSON, was and continues to be a resident of Spring Hill, Hernando County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendants, MARATHON 11 and MARATHON 12, were conducting business in Spring Hill and Brooksville, Hernando County, Florida.

11. At all times material hereto, Plaintiff, CLEMENTSON, was an "employee" of the Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were the employers of Plaintiff.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

14. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, CLEMENTSON her lawfully earned wages in conformance with the FLSA.

15. At all times material hereto, the corporate Defendants, MARATHON 11 and MARATHON 12 were and continue to be "enterprise[s] engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, CLEMENTSON was directly essential to the business performed by the Defendants.

17. Plaintiff, CLEMENTSON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

18. On or about January 26, 2020, Plaintiff, CLEMENTSON began working at the Defendants' gasoline stations and convenience stores as a cashier; later as an assistant manager, store manager and then back to cashier. Her employment ended on November 14, 2020.

19. During the time Plaintiff was employed by the Defendants, she was paid an hourly rate of $9.00 per hour, then $10.00 per hour, then $11.00 per hour and finally back to $10.00 per hour.  The Plaintiff frequently worked, on average, about 45 hours per week.

20. During Plaintiff, CLEMENTSON's employment, Defendants failed to pay the Plaintiff at or above the minimum wage for some of her hours worked.

21. While employed, MARATHON 11 and MARATHON 12 failed to pay the Plaintiff overtime wages.

22. Defendants knowingly operated their businesses with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

23. Defendant, AZAM, was a supervisor and/or owner who was involved in the day-to-day operations of MARATHON 11 and MARATHON 12 and/or were directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations, described herein.

24. Defendant, AZAM was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

25. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiff realleges Paragraphs 1 through 25 as if fully stated herein.

27. During Plaintiff's employment with Defendants, in addition to Plaintiff's regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

28. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

30. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

31. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

32. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

34. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff realleges Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

37. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. Plaintiff was paid below the applicable minimum wage for some of her work hours.

40. Plaintiff did not receive any pay for her last day of work with the Defendants.

41. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

42. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. recoupment of all tips improperly kept or misappropriated by Defendants;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 24, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, Florida  33312
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. /s/. Peter J. Bober
     FBN: 0122955